UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GINA SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:14-CV-3186-G |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Upon consideration of the defendant's motion to dismiss (docket entry 8), the court concludes that the plaintiff's complaint fails to provide information necessary for the resolution of this dispute. In particular, the complaint does not specify the exact dates the plaintiff contacted the defendant to inquire about her mortgage. *See* Plaintiff's Original Petition ("Complaint) ¶¶ 9-13 (docket entry 1, exhibit A).

When combined with the substance of the complaint, allegations in the defendant's brief supporting its motion to dismiss seem to fill this gap in information. According to the brief, "on or around August 20, 2012, the Property was destroyed

by a fire in a total loss." Defendant's Motion to Dismiss at 6 (docket entry 8). In the complaint, the plaintiff refers to a "sixth month period" during which she contacted the defendant. Complaint ¶ 13. The organization of the complaint implies that this "six month period" began relatively soon after the fire. *See* Complaint ¶¶ 9-13. If this is the case, and the court accepts the August 20, 2012, date submitted by the defendant, then both of the plaintiff's claims would be barred by statutes of limitations. *See* 15 U.S.C. § 1692k(d) (providing a one year statute of limitations from "the date on which the violation occurs" for claims under the Fair Debt Collection Practices Act (FDCPA)); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two year statute of limitations from the date the cause of action accrues for claims under the Texas Debt Collection Practices Act (TDCPA)); see also *Williams v. Chase Home Finance, LLC*, Civil Action No. 3:13-CV-1307-G(BH), 2014 WL 46233, at *4 (N.D. Tex. Jan. 6. 2014) (Fish, J.) (noting that a two-year statute of limitations applies to TDCPA claims).

Despite the above reasoning, burdens of proof and procedural rules prevent the court from granting the defendant's motion to dismiss. Statutes of limitations are treated as affirmative defenses, implying the defendant has the burden of proof. See *Williams*, 2014 WL 46233, at *3 (characterizing the TDCPA's statute of limitations as an affirmative defense); *Martin v. Cavalry Portfolio Services*, No. 07 C 4745, 2008 WL 4372717, at *2 (N.D. Ill. Mar. 28, 2008) (treating the FDCPA's statute of

limitations as an affirmative defense); *see generally* FED. R. CIV. P. 8(c)(1) (listing statute of limitations as an affirmative defense). Furthermore, on a motion to dismiss, a court "may not 'go outside the complaint'" except to "consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Gines v. Horton*, 699 F.3d 812, 820 (5th Cir. 2012) (quoting *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003)). In this case, both the complaint and documents referenced in the complaint are devoid of dates pertinent to the statutes of limitations. However, the court cannot presently grant a Rule 12(b)(6) motion because the defendant possesses the burden of proof on this issue. See, *e.g.*, *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Production Company*, 794 F.2d 967, 970 (5th Cir. 1986)) (noting that a Rule 12(b)(6) dismissal is appropriate when an affirmative defense is apparent from the face of the *pleadings*).

Therefore, on its own motion, the court orders that the plaintiff amend her complaint to include pertinent dates. If the plaintiff's failure to file a response to the motion to dismiss indicates her agreement with the defendant's proffered time frame, then she does not need to amend the complaint. In either case, if the plaintiff does not amend her complaint to provide the pertinent dates by **Friday, October 17,**

**2014**, the court will assume that the plaintiff agrees with the defendant's dates and will dismiss the action with prejudice on limitations grounds.

    **SO ORDERED**.

October 10, 2014.

                                                  */s/ A. Joe Fish*
                                                 **A. JOE FISH**
                                                 **Senior United States District Judge**