UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GINA SULLIVAN,                         )
                                       )
              Plaintiff,               )
                                       )        CIVIL ACTION NO.
VS.                                    )
                                       )        3:14-CV-3186-G
BANK OF AMERICA, N.A.,                 )
                                       )
              Defendant.               )

MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss the plaintiff's amended

complaint under Federal Rule of Civil Procedure 12(b)(6) (docket entry 17).  For the

reasons discussed below, the motion is denied with respect to the breach of contract

claim and granted with respect to the breach of fiduciary duty claim.

I.  BACKGROUND

A.  Factual Background

This dispute arises from the complete destruction by fire of a piece of real

property (the "property") on August 20, 2010.  Plaintiff's Amended Original Petition

("Complaint") ¶ 10 (docket entry 15).  To purchase the property, located in

Commerce, Texas, the plaintiff secured a mortgage loan from the defendant, Bank of America. *Id.* ¶ 9; Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") ¶ 2. At the time of the fire, the plaintiff still owned the property. *See* Complaint ¶¶ 9-11. However, after the fire, the defendant informed the plaintiff of its intention to proceed with a foreclosure sale on the property. *Id.* ¶¶ 10-11. In response, the plaintiff contacted the defendant to discuss the outstanding balance on her loan. *Id.* ¶ 12. The parties then exchanged multiple communications concerning the status of a hazard insurance policy that potentially covered the fire damage. *Id.* ¶¶ 13-14. The plaintiff alleges that the policy was current at the time of the fire. See *id.* ¶¶ 13-14. Any payout from the policy would either lead to a reduction in the loan's outstanding balance or require a repair of the property. *See* Deed of Trust § 5(exhibit A, docket entry 17). In opposition to the plaintiff's allegations, the defendant contends that the policy lapsed prior to the fire and thus does not affect the dispute. Complaint ¶¶ 13-14.

## B. Procedural Background

The plaintiff filed this case in the 196th Judicial District Court of Hunt County, Texas, on August 8, 2014. Plaintiff's Original Petition (attachment 1, docket entry 1). This original complaint included claims under the Fair Debt Collection Practices Act and the Texas Finance Code. *Id.* ¶¶ 14-15. On the basis of both federal question and diversity jurisdiction, the defendant removed the case to

this court on September 5, 2014.  Defendant's Notice of Removal ¶¶ 4-10 (docket

entry 1).  A week later, the defendant filed a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6).  Defendant's Motion to Dismiss Plaintiff's Complaint

(docket entry 8).  The court was unable to rule on this motion because the original

complaint lacked dates necessary to evaluate the defendant's statutes of limitations

defenses.  *See* Memorandum Opinion and Order dated October 10, 2014 at 1-3

(docket entry 14).  Thus, it ordered the plaintiff to amend her pleadings to include

this pertinent information.  *Id.* at 3.  The plaintiff amended her complaint to include

the relevant dates and supplemented her allegations with claims for breach of contract

and breach of fiduciary duty.  *Compare* Complaint ¶¶ 16-19, *with* Plaintiff's Original

Petition ¶¶ 14-15.  These dates confirmed that over three years had elapsed since the

accrual of any claims under the Fair Debt Collection Practices Act or the Texas

Finance Code.[1]  Order (docket entry 16).  Because the Fair Debt Collection Practices

Act's and the Texas Finance Code's respective one-year and two-year statutes of

limitations have expired, Memorandum Opinion and Order at 1-2, the court

dismissed these claims.  Order dated October 15, 2014 at 1-2.  This dismissal left the

---

[1]      The court's prior orders describe the plaintiff's state statutory claim as
deriving from both the Texas Finance Code and the Texas Debt Collection Practices
Act.  *Compare* Memorandum Opinion and Order at 2, *with* Order at 1.  However,
these alternative descriptions refer to the same statutory provision, namely Texas
Finance Code § 392.304.  *See* 16-242 DORSANEO, TEXAS LITIGATION GUIDE
§ 242.03[1] (noting that the Texas Debt Collection Practices Act was codified in the
Texas Finance Code at Chapter 392).

plaintiff's breach of contract and breach of fiduciary duty claims pending before this court. *Id.* The defendant filed another motion to dismiss -- directed at the remaining claims -- on October 27, 2014.[2] The court now turns to the disposition of this motion.

## II. ANALYSIS

### A. Applicable Law

#### 1. *General Motion to Dismiss Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

---

[2]     In its brief supporting the present motion to dismiss, the defendant argues that the plaintiff fails to state a claim under either the Fair Debt Collection Practices Act or the Texas Finance Code. Motion to Dismiss ¶¶ 6-9. The court does not need to consider these arguments in light of its October 15, 2014 order.

- 4 -

the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (*quoting* FED. R. CIV. P. 8(a)(2)). The court,

drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" her claims against the defendant "across the line from conceivable to plausible."  See *id.* at 679, 683.

2.  *Motion to Dismiss Standard Applied to Breach of Contract Claims*

This court has previously noted that "[i]n Texas, there are four essential elements to a breach of contract claim:  '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Beauty Manufacturing Solutions Corporation v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (Fish, J.) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).  In the present case, the defendant does not contest the validity of the two contracts at issue: the deed of trust and the adjustable rate note.[3]  *See* Motion

---

[3]     The defendant attached both the deed of trust and adjustable rate note to its motion to dismiss.  *See* Deed of Trust; Adjustable Rate Note (exhibit B, docket entry 17).  Under Texas common law, a deed of trust, or mortgage, secures a loan agreement embodied in a note.  See *Lowery v. Bank of America*, No. 04-12-00729-CV, 2013 WL 5762227, at *2 (Tex. App.--San Antonio Oct. 23, 2013, no pet.).  Because the complaint discusses a "mortgage" and "loan" the plaintiff held with the defendant, Complaint ¶¶ 9, 12, 15, the court can consider the defendant's attachments "part of the pleadings" when ruling on the motion to dismiss.  See *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Associates Corporation v. Zenith Data Systems Corporation*, 987 F.2d 429, 431 (7th Cir. 1993)).

to Dismiss ¶ 4.  Similarly, it does not allege that the plaintiff failed to properly tender performance or did not suffer damages.  See *id.*  Instead, the defendant contends that the plaintiff's complaint fails to satisfy element three (*i.e.*, identifying a contract breach) at the pleading stage because it "does not identify any particular provision of *any* contract that she contends [the defendant] violated."  See *id.* (emphasis in original).

To withstand a motion to dismiss directed at element three, "a plaintiff must identify a specific provision of the contract that was allegedly breached."  *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (O'Connor, J.); see, *e.g.*, *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011) (granting a motion to dismiss because plaintiffs "fail[ed] to provide the loan documents that were breached and to indicate which provisions were breached"); *American Realty Trust, Inc. v. Travelers Casualty and Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (Godbey, J.) ("[T]he complaint must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim.").  If after analyzing the pleadings the court is unable to identify one or more specific contractual provisions at issue, then the "[p]laintiffs fail[ ] to allege enough facts about the terms of [a contract] to raise their right to relief above the speculative level."  *Innova Hospital*, 995 F. Supp. 2d at 603 (citing *Twombly*, 550 U.S. at 555).

While "describ[ing] the alleged terms of the contract in a sufficiently specific manner" could arguably require a plaintiff to explicitly identify the contractual provision(s) at issue, such an interpretation ignores the main purpose of the requirement: "to give the defendant notice of the nature of the claim." *American Realty Trust*, 362 F. Supp. 2d at 753. Relying on this purpose, this court has rejected a requirement that a plaintiff "outline all the elements of the claim" at the pleading stage. *Innova Hospital*, 995 F. Supp. 2d at 603. Instead, the "[p]laintiff[] must provide enough factual allegations to draw the *reasonable inference* that the elements exist." *Id.* (emphasis added); see also *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (emphasis added) (internal quotations omitted) ("To raise a right to relief, the complaint must contain either direct allegations or permit *properly drawn inferences* to support 'every material point necessary to sustain a recovery.'") (emphasis added). Explicitly identifying the contractual provision(s) at issue is certainly the simplest way to create this "reasonable inference." *Innova Hospital*, 995 F. Supp. 2d at 603. However, even absent such explicit identification, the pleadings as a whole may establish a "reasonable inference" that a particular contractual provision was breached, thus providing essential notice to the defendant. *Id.*

3. *Breach of Fiduciary Duty Claims Against a Mortgagee*[4]

Under Texas common law, "there is no general duty of good faith and fair

dealing in ordinary, arms-length commercial transactions in Texas." *Marketic v. U.S.*

*Bank National Association*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006) (Buchmeyer,

J.). Under two exceptions to this general rule, however, such a duty can arise when

"created by express language in a contract" or when "a special relationship of trust

and confidence exists between parties to [a] contract." *Lovell v. Western National Life*

*Insurance Company*, 754 S.W.2d 298, 302 (Tex. App.--Amarillo 1988, writ denied)

(emphasis added). With respect to this latter exception, in a few limited

circumstances, plaintiffs have "assert[ed] a special relationship . . . that [justifies

imposing a] duty of good faith and fair dealing." *Federal Deposit Insurance Corporation*

*v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990). For example, in *Arnold v. National*

*County Mutual Fire Insurance Company*, the Supreme Court of Texas recognized "a duty

on the part of insurers to deal fairly and in good faith with their insureds." 725

S.W.2d 165, 167 (1987). To support its conclusion, the court detailed the "special

relationship" between the insured and insurer: "In the insurance context a special

---

[4] Courts interpreting Texas law use the phrases "duty of good faith and fair dealing" and "fiduciary relationship/duty" interchangeably. See, *e.g.*, *Marketic v. U.S. Bank National Association*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006) (Buchmeyer, J.) (Although citing to cases analyzing the "duty of good faith and fair dealing," the court uses the phrase "fiduciary relationship."). When providing direct quotations, the court will preserve the original text. However, when speaking in its own voice, it will use the term "fiduciary duty."

relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Id.* Thus far, however, Texas courts have concluded that the characteristics of the mortgagor-mortgagee relationship do not support similar reasoning. In fact, this very court has explicitly stated that "a fiduciary relationship does not exist between a mortgagor and mortgagee in Texas." *Marketic*, 436 F. Supp. 2d at 855 (citing *Coleman*, 795 S.W.2d at 708-09).

## B. Application

### 1. *The Plaintiff States a Claim for Breach of Contract*

Although the complaint does not explicitly identify a contractual provision at issue, its contents establish a "reasonable" or "properly drawn" inference that the defendant breached section five of the deed of trust ("section five"). *Innova Hospital*, 995 F. Supp. 2d at 603; *Stockstill*, 561 F.3d at 384; *see also* Deed of Trust § 5. Section five, entitled "Hazard or Property Insurance," requires the plaintiff to keep insurance on the mortgaged property -- subject to a standard mortgage clause. *Id.* If the plaintiff fails to maintain insurance, section five grants the defendant the option to purchase insurance on the property. *Id.* Any insurance proceeds "shall be applied to restoration or repair of the Property damaged," or if such restoration or repair is "not economically feasible or [the defendant's] security would be lessened, the insurance

proceeds shall be applied to the sums secured by [the deed of trust], whether or not then due, with any excess paid to the" plaintiff. *Id.*

According to the complaint, one of the parties[5] held a current hazard insurance policy on the property at the time of the fire. Complaint ¶¶ 13-14, 18. Furthermore, "[b]y refusing to file a claim for the loss of the dwelling by fire and to furnish the Plaintiff with the amount due on the debt in question, which was necessary for the Plaintiff to file an insurance claim to repay the debt, the Defendant had effectively prohibited the Plaintiff from continued performance of the terms of the contract . . .." *Id.* ¶ 18. Piecing these allegations together reveals that, according to the plaintiff, one of the parties held a current insurance policy at the time of the fire and the defendant breached its obligations with respect to this insurance policy. *See* Complaint ¶¶ 9-15, 18. At the motion to dismiss stage, the plaintiff treats these well-pleaded factual allegations as true.[6] *In re Katrina Canal*, 495 F.3d at 205.

---

[5]      It is not entirely clear based on the complaint who held the insurance policy. The complaint states that "[b]y refusing to file a claim for the loss, . . . the Defendant had effectively prohibited the plaintiff from continued performance of the terms of the contract . . .." Complaint ¶ 18. This implies that the defendant held the insurance policy because it possessed the power to file a claim for the loss. However, in contradiction to the above language, the same paragraph states that the defendant's assistance was "necessary for the Plaintiff to file an insurance claim." See *id*.

[6]      While the defendant attached the deed of trust and adjustable rate note to its motion to dismiss, it failed to attach a copy of either a current or expired insurance policy covering the property. The court would have been able to consider such an attachment when ruling on the motion to dismiss because the complaint

(continued...)

These allegations state a claim for breach of section five.  *See* Deed of Trust § 5.

As outlined above, section five requires the parties to use insurance proceeds to either

repair the property or reduce the plaintiff's outstanding debt.  See *id.*  If the

defendant held the policy, then "refusing to file a claim for the loss of the dwelling"

would potentially breach section five.  Complaint ¶ 18.  If the plaintiff held the

policy, then the defendant's failure to assist in the claims process could potentially

breach section five.  See *id.* (See footnote five for a discussion of the ambiguity

surrounding who held the insurance policy.).  In either case, the plaintiff's allegations

state a plausible claim for breach of section five.

    2.  *The Plaintiff Fails to State a Claim for Breach of Fiduciary Duty*[7]

--------

[6](...continued)
refers to an insurance policy.  See *Collins*, 224 F.3d at 499; Complaint ¶¶ 13-14.
Absent such an attachment, however, the court must accept the plaintiff's allegations
as true.

[7]    Without concluding whether the Texas Uniform Commercial Code
("UCC"), TEX. BUS. & COM. CODE §§ 1.101 *et seq.*, applies to the deed of trust or
adjustable rate note, the court notes that a fiduciary duty under tort law is distinct
from the "obligation of good faith" under the UCC.  *Id.* § 1.304.

    "Every contract or duty within [the UCC's scope] imposes an obligation
of good faith in its performance and enforcement."  *Id.*  Good faith "means honesty in
fact and the observance of reasonable commercial standards of fair dealing."  *Id.*
§ 1.201(20).  The comments to the UCC emphasize that the "obligation of good faith
. . . does not support an independent cause of action for failure to perform or enforce
in good faith.  Rather, [the obligation] means that a failure to perform or enforce, in
good faith, a specific duty or obligation under the contract, constitutes a breach of
that contract . . . ."  *Id.* § 1.304 cmt. 1; see also *Hildreth v. Merle Norman Cosmetics, Inc.*,
No. 08-02-00402-CV, 2004 WL 736991, at *6 (Tex. App.--El Paso Apr. 6, 2004, no
(continued...)

As discussed above, a fiduciary relationship between a mortgagor and mortgagee is the exception rather than rule.  See *Marketic*, 436 F. Supp. 2d at 855 (citing *Coleman*, 795 S.W.2d at 708-09).  The plaintiff does not contend that the text of the relevant documents explicitly creates a fiduciary duty.  *See* Complaint ¶ 19. Instead, the plaintiff alleges that the "special relationship" between her and the defendant justifies imposing a fiduciary duty.  See *id.*; *Coleman*, 795 S.W.2d at 709. More specifically, the plaintiff states that "[a]s the mortgagor and mortgagee, Plaintiff and Defendant had created an [sic] fiduciary relationship in which Defendant exercised a position of dominance over Plaintiff.  The Defendant owed a fiduciary

---

[7](...continued)
pet.) (mem. op.) (noting that the "obligation of good faith" contained in the UCC "does not support an *independent* cause of action for failure to perform or enforce in good faith") (emphasis added).

Texas common law, rather than the substantive scope of the UCC, determines whether a contractual relationship is governed by a fiduciary duty.  See *Coleman*, 795 S.W.2d at 708-09.  Furthermore, in sharp contrast to the "obligation of good faith," a fiduciary duty is an independent responsibility under tort law rather than a contractual obligation. *See* 3-48 TEXAS TORTS AND REMEDIES § 48.02[8] (discussing breach of fiduciary duty as a tort remedy that is inapplicable in most contractual settings because "each party voluntarily enters into the relationship for his or her own benefit after arms-length negotiations"); 1-14 TEXAS TORTS AND REMEDIES § 14.11[1][a] (When discussing fiduciary duties as applied to real estate brokers, the treatise states that the "relationship [between the broker and his client] is governed not only by the contractual agreements. . ., but by the principles of agency which superimpose certain fiduciary obligations on the broker and, in turn, subject the broker to liability in tort as well as contract."); *Brosseau v. Ranzau*, 81 S.W.3d 381, 398 (Tex. App.--Beaumont 2002, pet. denied) ("Breach of fiduciary duty is a tort.") (citing *Hawthorne v. Guenther*, 917 S.W.2d 924, 936 (Tex. App.--Beaumont 1996, writ denied)).  Thus, breach of fiduciary duty qualifies as a tort law claim independent of, albeit often related to, a breach of contract claim.

- 13 -

duty to act with care and loyalty and act with full disclosure.  This breach of fiduciary duty, by failure to cooperate and assist Plaintiff in filing claim on insurance policy [sic] for loss of the dwelling, led to the damages mentioned below."  Complaint ¶ 19.  This paragraph of the complaint contains truisms, unsupported conclusions, and incorrect statements of the law, none of which support the plaintiff's breach of fiduciary duty claim.

The first sentence of paragraph nineteen directly conflicts with the Texas legal principle that "a fiduciary relationship does not exist between a mortgagor and mortgagee in Texas."  *Marketic*, 436 F. Supp. 2d at 855 (citing *Coleman*, 795 S.W.2d at 708-09).  The allegation that the "Defendant exercised a position of dominance over Plaintiff," included at the end of the first sentence, does not advance the plaintiff's claim.  Complaint ¶ 19.  While dominance, or an imbalance in bargaining power, is one factor courts consider when determining whether to impose a fiduciary duty in a particular relationship, see *Lovell*, 754 S.W.2d at 302-03 (citing *Arnold*, 725 S.W.2d at 167), the plaintiff fails to substantiate her conclusory statement with any factual allegations.  As is, the plaintiff's statement is "no more than [a] conclusion[ ]" that is "not entitled to the assumption of truth."  See *Iqbal,* 556 U.S. at 679.  The second sentence states that a fiduciary duty exists and then recites the definition of a fiduciary duty.  *See* Complaint ¶ 19.  At no point, however, does the plaintiff present any factual allegations supporting the existence of a fiduciary duty.  See *id.*  The last

sentence suffers from the same flaw as the preceding two sentences.  It characterizes the plaintiff's breach of contract claim as a breach of fiduciary duty claim, but it lacks any factual allegations to support the existence of a fiduciary duty.  See *id.*  The court's reasoning does not prohibit extending fiduciary duties to new relationship categories, but it does demand that plaintiffs "plead[ ] *factual content*" to justify the court's consideration of such extensions.  *Iqbal*, 556 U.S. at 678 (emphasis added).

### III.  <u>CONCLUSION</u>

For the reasons discussed above, the defendant's motion to dismiss is **DENIED** with respect to the breach of contract claim and **GRANTED** with respect to the breach of fiduciary duty claim.

**SO ORDERED**.

December 10, 2014.

*C. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**